# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRAVES,<br><br>            Plaintiff,<br><br>       v.<br><br>SUPERVISING DEPUTY, INYO COUNTY PUBLIC DEFENDER,<br><br>            Defendant. | Case No.  1:15-cv-00548-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR LACK OF JURISDICTION and BARRED BY *HECK V. HUMPHREY*, 512 U.S. 477 (1994)**<br><br>**(Doc. 1)**<br><br>**OBJECTIONS DUE WITHIN THIRTY DAYS** |

**I. FINDINGS**

Plaintiff, Michael Graves, is a civil detainee at Coalinga State Hospital ("CSH").  Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action in the Northern District of California on February 26, 2015.  (Doc. 1.)  The action was transferred to this Court on April 9, 2015.  (Doc. 10.)

**A. Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case brought under 42 U.S.C. §1983] at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v.*

1

*Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. The Complaint

Plaintiff complains that the Supervising Deputy, Inyo County Public Defender ("Supervising Deputy") failed to properly train, direct, and supervise the deputy public defender who represented him in his commitment proceedings.  Plaintiff states that he is "seeking to prevent the prospect of his being subject to future irrational mental health assessments, conducted by the Government of the State of California's Department of State Hospitals (herein "DSH") ostensibly pursuant to California's Welfare and Institution's Code §§ 6600, et seq., [the Sexually Violent Predator Act] (herein "SVPA"), due to Defendant's failure to adequately train and supervise Plaintiff's attorney to effectively challenge such irrational assessments."  (Doc. 1, ¶1.)  Almost every paragraph of Plaintiff's allegations begins "During the period Defendant supervised Plaintiff's appointed counsel Defendant was aware that . . . "  (*See e.g.* Doc. 1, at ¶¶ 18, 20, 22-46, 48-62.)

Plaintiff seeks injunctive relief "from the *prospect* of Plaintiff being subjected to *future* assessments of (i) Plaintiff's alleged current mental condition and (ii) Plaintiff's current volitional control, conducted by DSH staff, that are irrational."  (*Id.,* at p. 17 (emphasis in original).)

### C. Under Color of State Law

Plaintiff is not able to proceed under section 1983 against the Supervising Deputy.  A public defender and all deputies of that office do not act "under color of state law" when performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal (in this case civil detention) proceeding.  *See Polk County v. Dotson*, 454 U.S. 312 (1981).  This is because a public defender, and any deputy public defenders, are lawyers and are not amenable

to administrative direction in the same sense as other employees of the State. *Id.*, at p. 321. A public defender and all deputy public defenders are lawyers. Lawyers representing criminal defendants are not and cannot be the servant of an administrative superior as they "work under cannons of professional responsibility that mandate [the] exercise of independent judgment on behalf of the client." *Id.* "A lawyer shall not permit a person who recommends, employs, or pays him to render legal services for another to direct or regulate his professional judgment in rendering such legal services." *Id.*, quoting DR 5-107(B), ABA Code of Professional Responsibility (1976). Further, the attorney-client relationship established between a deputy public defender and a defendant is not one that even the Public Defender can control, let alone a Supervising Deputy Public defender "as the cannons of professional ethics require that a deputy public defender be 'his own man' irrespective of advice or pressures from others. A deputy public defender cannot in any realistic sense, in fulfillment of his professional responsibilities, be a servant of the public defender. He is, himself, an independent officer." *Id.,* at n. 11, quoting *Sanchez v. Murphy,* 385 F.Supp. 1362, 1365 (Nev. 1974).

Plaintiff's allegations assume that the Supervising Deputy controlled the Deputy Public Defender who represented him in his civil detention proceedings and that, since he was civilly detained, the Supervising Deputy must be responsible for errors by the deputy who represented Plaintiff, that Plaintiff believes resulted in his civil detention. However, as a lawyer, the deputy public defender was obligated to use his own professional judgment when representing Plaintiff and was not subject to direction or regulation by the Public Defender for Inyo County, let alone a Supervising Deputy. Thus, Plaintiff's only avenue to protest his representation at his civil detention proceedings is against the actual deputy public defender who represented him, but even that person will not be a state actor for purposes of claims under section 1983. Any review of the sufficiency of the actions by the deputy public defender who represented Plaintiff is either in a petition for writ of habeas corpus, or under State law.

The Supervising Deputy, Inyo County Public Defender, is not a state actor for purposes of claims under section 1983, nor is anyone from that office whom Plaintiff might seek to add to this action. Accordingly, this action should be dismissed for lack of federal question jurisdiction.

**D.  *Heck v. Humphrey*, 512 U.S. 477 (1994)**

Further, even if jurisdiction were not lacking, Plaintiff's allegations in the Complaint are premised entirely on the representation he received in the proceedings under which he was civilly detained.  Thus, if Plaintiff were to be allowed to proceed in this action, any findings in his favor would necessarily place his continued confinement in question which might entitle him to an earlier release.

The exclusive method for challenging the fact or duration of Plaintiff's confinement is by filing a petition for a writ of habeas corpus.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).  *See* 28 U.S.C. § 2254(a).  Such claims may not be brought in a section 1983 action; nor may Plaintiff seek to invalidate the fact or duration of his confinement/detention indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.  *Wilkinson*, 544 U.S. at 81.  A section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of confinement/detention or its duration.  *Id.* at 81-82; *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005) (applying *Heck* to SVPA detainees with access to habeas relief).

While a claim for prospective relief often does not call into question the validity of a plaintiff's confinement, *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997), Plaintiff's claims here directly challenge the basis for his civil detention.  He may not bring his claims against the Supervising Deputy, or the deputy public defender who actually represented him in a section 1983 action. *Wilkinson*, 544 U.S. at 78.

**E.  Sexually Violent Predator Act ("SVPA") Assessment**

Plaintiff's allegations also appear to attack the assessment methodology under which he is civilly detained, but this is similarly barred.  *See Huftile*, 410 F.3d at 1141 (concluding that challenge to SVPA assessments would imply invalidity of civil commitment and therefore could only be brought in habeas corpus).  To the extent his claims are based on the use of the assessments in his civil commitment proceedings, they present a direct challenge to the validity of

4

his confinement, and may not be brought in this action. *Wilkinson*, 544 U.S. at 81. To the extent Plaintiff may intend to assert a violation of due process rights in his assessment process, any claim as to the propriety of the assessments is so related to the civil commitment proceeding that success thereon would imply the invalidity of his confinement: absent the allegedly deficient assessments, no petition for commitment would have been filed, and there would have been no basis for the Superior Court to proceed on the petition to civilly commit Plaintiff under the SVPA. *Huftile*, 410 F.3d at 1141.

In sum, until Plaintiff's civil detention has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Plaintiff is barred from bringing his claims under section 1983. *Heck*, 512 U.S. at 487. If Plaintiff wishes to pursue this challenge he may file a petition for writ of habeas corpus, rather than a complaint under section 1983.

### F. Prospective Relief from Future Assessments

*Edwards* leaves open the possibility for Plaintiff to seek prospective relief in a section 1983 action to prevent future injury caused by future assessments. 520 U.S. at 648. Though Plaintiff requests relief from future assessments, his allegations are still not cognizable.

Plaintiff does not identify any process due to him, under the SVPA or otherwise, that was denied in the assessment process. Significantly, any such future assessment is not determinative of whether Plaintiff's detention should continue. Rather, Plaintiff may petition the court for conditional release without the recommendation or concurrence of the State Department of State Hospitals. Cal. Welf. & Inst. Code § 6608(a). Plaintiff's continued detention is determined by a judge at a hearing in which Plaintiff has the right to counsel and to retain experts to rebut the State's assessments. Cal. Welf. & Inst. Code § 6608. His ultimate release from commitment is determined by a judge or jury in a proceeding in which Plaintiff maintains the right to counsel, to retain experts, and where the State bears the burden of proof beyond a reasonable doubt. Cal. Welf. & Inst. Code § 6605.

The SVPA provides sufficient procedural mechanisms for Plaintiff to challenge the

assessments and to demonstrate that he no longer qualifies for civil detention. These protections are such that any flaws in the assessment process do not rise to a due process violation.

## II. CONCLUSION/RECOMMENDATIONS

This action should be dismissed for lack of jurisdiction. Further, even if jurisdiction were not lacking, Plaintiff's claims, either directly or indirectly, challenge the representation he received during the civil detention proceedings which implicate the validity of his confinement, which may be brought only in a petition for a writ of habeas corpus, or under State law pertaining to legal services rendered. These deficiencies are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Plaintiff should not be given leave to amend his claims in an action under section 1983.

It is recommended that the Court direct the Clerk's Office provide Plaintiff with a habeas petition form for Plaintiff to file a habeas petition setting forth facts supporting his challenge to the fact and/or the duration of his confinement/detention. If Plaintiff either decides to pursue these issues in a habeas petition, or no longer wishes to pursue this action, he should file a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's Complaint (Doc. 1) be dismissed for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 14, 2015**                     /s/ Jennifer L. Thurston
                                                                      UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28